IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDACE MOYER, individually and on behalf of all others similarly situated, | : : : | Case No. 5:18-cv-4711-JDW |
| Plaintiff, | : : | |
| v. | : : | |
| PATENAUDE & FELIX, A.P.C. | : : | |
| Defendant. | : : | |

## MEMORANDUM

The question in this case is what a debt collector can say in a debt collection letter, above and beyond what the Fair Debt Collection Practices Act requires, without running afoul of the statute. Defendant Patenaude & Felix, A.P.C. sent a letter to Plaintiff Candace Moyer that encouraged her to call before the letter provided required statutory information. Ms. Moyer claims that the letter was deceptive. Patenaude argues it did nothing wrong. The Court agrees with Patenaude. It provided a letter that tracked the statutory language and informed a consumer, even the least sophisticated consumer in whose shoes the Court must place itself, of her rights under the statute. The Court will therefore grant Patenaude's motion for summary judgment.

## I.    BACKGROUND

### A.    Patenaude's Debt Collection Efforts

Candace Moyer opened a store-branded credit card for Sam's Club. In 2018, Ms. Moyer stopped paying the debt she incurred on that card. The card issuer hired Patenaude to collect Ms. Moyer's debt. Patenaude sent Ms. Moyer a one-page, single-sided letter (the "Collection Letter") that reads as follows:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our

client. If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8500.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and information obtained will be used for that purpose.

(ECF No. 39-4 at Ex. E.) The claims in this case focus on the second sentence of the first paragraph, giving Ms. Moyer the option of contacting Patenaude by phone (the "Contact Sentence").

After Ms. Moyer received the Collection Letter, she called Patenaude and was satisfied that the call effectively ceased the collection efforts. She testified that the Collection Letter did not cause her any financial harm.

### B.    Procedural History

On October 30, 2018, Ms. Moyer sued, alleging that the Collection Letter violated several provisions of the FDCPA because of the sentence in the first paragraph that states "If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8500." She claims that Patenaude violated 15 U.S.C. § 1692e(10) by "using false representations and/or deceptive means to collect or attempt to collect any debt" and 15 U.S.C. §1692g by overshadowing the validation notice in its collection letter. Both parties moved for summary judgment.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). The filing of cross–motions does not change this analysis. *See Transportes Ferreos de Venezuela II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001). It "does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." *Id.* at 560 (citation omitted)

## III.    DISCUSSION

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen*, 791 F.3d at 417 (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). The parties agree that Ms. Moyer satisfied the first three prongs of this test. But they dispute whether the Collection Letter violated the FDCPA. That is a question of law. *See Szczurek v. Prof'l Mgmt., Inc.*, 59 F. Supp. 3d 721, 724 (E.D. Pa. 2014), *aff'd*, 627 F. App'x 57 (3d Cir. 2015) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 & n. 2 (3d Cir. 2000)).

A.      The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 577 (2010). Under the FDCPA, a debt collector can only communicate with a consumer under certain circumstances and in certain ways. *See* 15 U.S.C. §§ 1692c(a), 1692d. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wants the debt collector to cease further communication with the consumer, then the debt collector has to abide those instructions. *See* 15 U.S.C. § 1692c(c).

The FDCPA does not require a debt collector to inform a consumer about her right to force the debt collector to cease communication with the consumer. It does, however, require a debt collector to provide the consumer with (i) a written notice containing the amount of the debt, (ii) the name of the creditor, (iii) a statement that the debt collector will assume the debt to be valid unless the consumer disputes the validity of the debt within 30 days, (iv) a statement that if the consumer notifies the debt collector in writing within the 30-day period that ay part of the debt is in dispute, the debt collector will obtain verification of the debt or a copy of a judgment and provide that to the consumer, and (v) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if that creditor was different than the current creditor. *See* 15 U.S.C. § 1692g(a). The latter three requirements are known as "validation notice" and are designed to inform the consumer about the timing and process of how to obtain verification of the debt. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-354 (3d Cir. 2000). A consumer can inform the debt collector that she

disputes the debt orally or in writing. *See Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 594 (3d Cir. 2020)(*en banc*).

The FDCPA prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e. It specifies several types of forbidden false communications. It also includes a catch-all provision that proscribes "the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). It prohibits unfair practices and specifies several of those forbidden practices. *See* 15 U.S.C. § 1692f. The Act creates a private right of action and authorizes the award of statutory damages. *See* 15 U.S.C. § 1692k.

In assessing compliance with these provisions, courts analyze communications from the perspective of the "least sophisticated debtor." *Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60–61 (3d Cir. 2015) (citing *Brown,* 464 F.3d at 454). "This standard is lower than the standard of a reasonable debtor." *Id.* While this standard is designed to protect "the gullible as well as the shrewd," courts will presume that "even the least sophisticated debtor reads a collection notice with a basic level of understanding and willingness to read with care." *Id.* (quoting *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir.2008)).

While this standard protects naive consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000), *as amended* (Sept. 7, 2000) (internal quotations omitted). Furthermore, "under this standard, the debtor is still expected to read the notice in its entirety." *Jewsevskyj v. Fin. Recovery Servs., Inc.*, No. CV 15-3041, 2016 WL 6162728, at *4 (E.D. Pa. Oct. 20, 2016). Because the least sophisticated debtor standard is objective, a plaintiff

does not need to "prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015).

      **B.**      **Overshadowing The Validation Notice**

Debt collection letters "must intelligibly convey" the validation notice in § 1692g(a)(3)-(5). *Riccio*, 954 F.3d at 593–94 (citing *Wilson*, 225 F.3d at 354-55). The least sophisticated debtor should be able to read the validation notice and reasonably discern her rights. *See id.* If a debt collection letter, read in its entirety, would make the least sophisticated debtor "uncertain as to her rights" to dispute the debt under the FDCPA, it overshadows the validation notice. *See Wilson*, 225 F.3d at 354; *Riccio*, 2018 WL 638748, at *4. To prove that language overshadows the validation notice, courts examine debt collection letters to see if they distract from or conceal the validation notice. For example, "a collection letter will not meet the requirements of the Act where the validation notice is printed on the back and the front of the letter does not contain any reference to the notice," or where large headlines distract the consumer from seeing the validation notice. *Wilson*, 225 F.3d at 354 (internal citations omitted). "Courts look for screaming headlines, bright colors, and huge lettering of other text as evidence of a deliberate policy to evade the spirit of the FDCPA and to mislead the debtor into disregarding the validation notice." *Jewsevskyj*, 2016 WL 6162728, at *4 (internal quotations and citations omitted).

The Third Circuit's recent decision in *Riccio* provides a helpful example. There, Ms. Riccio received a collection notice from the defendant. The collection notice contained the required validation notice under § 1692g(a) and provided the defendant's mailing address, phone number, and website. Ms. Riccio sued, alleging that the letter violated § 1692g by providing multiple options for contacting defendant rather than requiring that the dispute be in writing. The court held that the collection letter did not violate § 1692g because the letter was in plainspoken language

which reproduced "§ 1692g(a)(3)-(5) nearly word-for-word, alerting the least sophisticated debtor of her rights as effectively as does the statute itself." *Id.* at 594. The Third Circuit explained that "[a] collection notice can never mislead the least sophisticated debtor by relying on the language Congress chose." *Id.*

Under this standard, Patenaude's Collection Letter does not violate § 1692g. The Collection Letter is a single-sided, one-page letter. Patenaude did not attempt to hide the validation notice on a second page or otherwise obscure it. Like the validation notice in *Riccio*, the second and third paragraph of the Collection Letter constitute an effective validation notice under § 1692g(a) because they restate § 1692g(a)(3)-(5) nearly word-for-word in plain spoken language, which would alert even the "least sophisticated debtor of her rights as effectively as does the statute itself." *Riccio,* 954 F.3d at 593–94.

The Contact Sentence's invitation to call to stop further collection action does not overshadow or contradict the validation notice. Patenaude did not over-emphasize the Contact Sentence. Both the Contact Sentence and the validation notice are in the same, uniform font. The only font that is emphasized is the capitalization of the word "THIRTY" in the validation notice, which is in reference to the number of days Ms. Moyer had under the FDCPA to dispute the validity of the debt. Emphasizing this statutorily required date range only brought more attention to the validation notice, undermining any argument that the validation notice is overshadowed.

The Contact Sentence also does not make the least sophisticated debtor "uncertain as to her rights" to dispute or validate the debt under the FDCPA. *Wilson*, 225 F.3d at 354. The Contact Sentence does not state that calling would be an effective way to dispute or validate the debt. Rather, the Contact Sentence provides Patenaude's phone number and invites the consumer to call in order to "eliminate further collection action." That statement does not make the debtor uncertain

about her rights because the validation notice requires Moyer to "notify this office in writing within THIRTY (30) days of receiving this notice that you dispute the validity of this debt." In reading the letter as a whole, it is clear, even to the least sophisticated debtor, that the only effective way to dispute the debt would be to notify Patenaude's office in writing.

### C.       Deception

Under Section 1692e(10), a "debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Szczurek*, 627 F. App'x at 60 (quoting *Brown*, 464 F.3d at 455). A "false statement is only actionable . . . if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." *Jensen*, 791 F.3d at 421. Moyer argues that Patenaude violated §1692e(10) because its instruction to call in the Contact Sentence – "If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8500" – was "deceptive and false" because "a phone call would <u>not</u> have the legal effect of requiring the Defendant to stop its collection activity" and the Collection Letter makes it appear that a phone call would be a legally effective way of stopping further collection activity. (ECF No. 47 at 9.)  The Court disagrees.

First, the FDCPA does not prohibit debt collectors from encouraging debtors to call about their debts. *See Schultz v. Patenaude & Felix, A.P.C.*, Civ. A. No. 18-489, 2018 WL 6267764, at * 3 (W.D. Pa. Nov. 30, 2018). Patenaude had the right to encourage Ms. Moyer to call to discuss the debt. Exercising that right was not deceptive, at least in these circumstances. Second, the Contact Sentence does not give the impression that calling is the only way to stop further collection action. Rather, "the clear import of the sentence is to inform the consumer that [it] will continue its collection efforts until successful—not to advise him of the FDCPA's various mechanisms for

precluding collector contact." *Szczurek*, 627 F. App'x at 62. Third, even when viewed through the lens of the least sophisticated debtor, the Contact Sentence does not constitute a misrepresentation that a phone call is a "legally effective" way of stopping further collection action. The Contact Sentence does not quote the FDCPA or otherwise state that the consumer must do something "by law." It simply invites a consumer to call and provides a phone number to stop collection activity. Even the least sophisticated debtor would understand that Patenaude did not invoke the FDCPA in its Contact Sentence.

The Court is also not persuaded by Ms. Moyer's argument that the Contact Sentence would deceive or mislead the debtor into accidentally foregoing a better and legally effective method of stopping the collection activity. (ECF No. 47 at 19.) The FDCPA did not require Patenaude to tell Ms. Moyer about her right to make a written request to have Patenaude cease communication with her. Thus, whether the Contact Sentence was in the Collection Letter or not had no bearing on whether Ms. Moyer was aware of, and inclined to exercise, her right to make a written cessation request.

## IV.    CONCLUSION

Patenaude's Collection Letter stayed within the boundaries that the FDCPA sets. It provided required information in a way that would not mislead a consumer, even the least sophisticated consumer. It also did not say anything deceptive or misleading in its Collection Letter. Because the letter does not violate the law, the Court will grant Patenaude's Motion for Summary Judgment. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
Hon. Joshua D. Wolson
United States District Judge

April 30, 2020